UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLANTIC ORTHOPAEDIC ASSOCIATES,<br><br>      Plaintiff,<br><br>v.<br><br>CIGNA, CIGNA CORPORATION, CIGNA HEALTHCARE, CIGNA HEALTH CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY, CONNECTICUT GENERAL LIFE INSURANCE COMPANY, NON-NEW JERSEY CIGNA PLANS 1-10, WEICHERT REALTORS and JOHN DOES 1-10,<br><br>      Defendant. | Civil Action No.: 2:20-cv-12340 (MCA)(MAH)<br><br>*Document Electronically Filed*<br><br>**Motion Return Date**<br><br>**December 7, 2020** |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO REMAND**

                       **BRACH EICHLER, L.L.C.**
                       Keith J. Roberts, Esq.
                       Paul J. DeMartino, Jr. Esq.
                       101 Eisenhower Parkway
                       Roseland, New Jersey 07068
                       (973) 228-5700 * Fax (973) 618-5967
                       *Attorneys for Plaintiff, Atlantic Orthopaedic Associates*

*Of Counsel:*
Keith J. Roberts, Esq.

*Of Counsel and On the Brief:*
Keith J. Roberts, Esq.
Paul J. DeMartino, Jr., Esq.

**TABLE OF CONTENTS**

Page

**Table of Contents**

PRELIMINARY STATEMENT ...................................................................................................1

PROCEDURAL HISTORY...........................................................................................................2

STATEMENT OF FACTS .............................................................................................................2

LEGAL ARGUMENT ...................................................................................................................5

    A.    Relevant Law and Standard of Review.................................................................5

    B.    The First Type of Preemption, Ordinary Preemption, is not a Basis for Federal Subject-Matter Jurisdiction.......................................................................5

    C.    Complete Preemption is Inapplicable for Medical Provider Contract Claims Against an Insurer Disputing Only the Amount of Payment.................................6

        1.    Defendant Fails the First Prong of the Complete Preemption Test .............7

        2.    Defendant Fails the Second Prong of the Complete Preemption Test........8

CONCLUSION.............................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Atlantic Shore Surgical Associates v. Local 464*
  No. 17-12166, 2018 WL 3611074, at *3 (D.N.J. Jul. 27, 2018) .................................. 7

*Blue Cross of California v. Anesthesia Care Associated Med. Grp. Inc.*
  187 F.3d 1045 (9th Cir. 1999) ................................................................................... 9

*CardioNet, Inc. v. CIGNA Health Corp*
  751 F. 3d 165, 178 (3d Cir. 2014) ............................................................................. 8

*Cox v. CIGNA,* Slip Op. 2016 WL 6877778 (D.N.J. Oct. 28, 2016) ............................... 8

*Joyce v. RJR Nabisco Holdings Corp.*
  126 F.3d 166, 171 (3d Cir. 1997) .............................................................................. 5

*Levin v. United Healthcare Corp.*
  402 F. 3d. 156, 162 (3d Cir. 2005) ............................................................................ 6

*Marin Gen. Hosp. v. Modesto & Empire Traction Co.*
  581 F.3d 941, 945-46 (9th Cir. 2009) ........................................................................ 6

*Metro Life Insurance Company v. Taylor*
  481 U.S. 58, 63-64 (1987) ......................................................................................... 6

*Mims v. Arrow Fin. Servs., LLC*
  565 U.S. 368, 376 (2012) .......................................................................................... 5

*N.J. Carpenters & the Trustees Thereof v. Tishman Const. Corp. of N.J.*
  760 F.3d 297, 303 (3d Cir. 2014) .............................................................................. 7

*North Jersey Brain & Spine Ctr. v. Aetna Life Ins. Co.*
  No. 16-1544, 2017 WL 659012 (D.N.J. Mar. 20, 2017) ........................................... 7

*North Jersey Brain & Spine Ctr. v. Aetna Life Ins. Co.*
  No. 16-1544, 2017 WL 659012, at *4, 2017 U.S. Dist. LEXIS 22710, at *11 (D.N.J. Feb. 17, 2017) ................................................................................................................................ 7

*Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*,
  388 F.3d 393 (3d Cir. 2004) ............................................................................. 6, 7, 8

*Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross*
  2017 WL 4011203 (D.N.J. Sept. 11, 2017) ........................................................... 5, 8

*Progressive Spine & Orthopaedics, LLC v. Empire Blue Cross Blue Shield*
    No. 16-1649 (D.N.J. Sept 11, 2017) ................................................................................ 8

*Rivet v. Regions Bank of Louisiana*
    522 U.S. 470, 475 (1988) ................................................................................................ 6

*Samuel-Bassett v. Kia Motor Corp.*
    357 F.3d 392, 396 (3d. Cir. 2004) ................................................................................... 5

**Statutes**
28 U.S.C. § 1332 ................................................................................................................... 5
28 U.S.C. § 1447(c) .............................................................................................................. 5
29 U.S.C. Section 1132(a)(i)(B) ........................................................................................... 7
N.J.S.A 26:2H-18.64 ............................................................................................................. 3

Page

**PRELIMINARY STATEMENT**

In short, this matter is a dispute over the amount to be paid to Plaintiff, Atlantic Orthopaedic Associates ("Atlantic" or "Plaintiff") rather than a dispute as to coverage – which Defendants have already conceded based on the nominal payment they paid to Plaintiff for the emergency medical services provided. Specifically, in May of 2018, Plaintiff provided two emergent, medically necessary spinal surgeries to the patient at issue who was insured by defendant CIGNA through his employer, defendant Weichert Co. d/b/a Weichert Realtors ("Weichert" collectively referred to as "Defendants") Open Access Medical Benefit Plan.

The provision of emergency medical services rendered by Plaintiff are indisputably covered under Defendants' healthcare plan. In providing these services to the patient at issue, Plaintiff reasonably expected Defendants to properly compensate Plaintiff as required under the plan and state and federal law. Further, Defendants knew as a matter of law that their members and beneficiaries are entitled to be covered for out-of-network emergency care, and that they may go to any hospital emergency room for emergency care and that they will only be responsible to pay the plan's copayments, coinsurance and deductibles at an in-network level when emergency services are rendered. Instead CIGNA paid Plaintiff well below the usual and customary rates for the services Plaintiff provided.

The continuous, emergent medically necessary care that Plaintiff provided created an implied-in-fact contract with Defendants which, along with Plaintiff's other causes of action for promissory estoppel, quantum meruit, and state law statutory claims – each being independent of any claims that may have been brought under ERISA – form the basis of Plaintiff's state law causes of action against Defendant. These independent causes of action militate in favor of remanding this action back to state court as federal question jurisdiction does not exist.

## PROCEDURAL HISTORY

Plaintiff in this matter filed their Complaint in the Superior Court of New Jersey, Morris County on July 17, 2020. The CIGNA defendants along with defendant Weichert Realtors, ("Weichert", collectively referred to as "Defendants") filed a Notice of Removal on September 4, 2020 asserting that removal was proper based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 alleging that Complaint on its face pled Federal claims under the Employee Retirement Income Security Act of 1974 ("ERISA", 29 U.S.C. 1001, et seq. Plaintiff now moves to remand to the Superior Court of New Jersey, Morris County as the claims brought are not for coverage or benefits under any ERISA plan but rather are claims relative to the proper amount of payment.

## STATEMENT OF FACTS

Plaintiff is a group of orthopedic surgeons that have visiting rights at Morristown Medical Center located in Morristown, New Jersey. *See Plaintiff's Verified Complaint, Dkt. No. 1, Ex. C.* ¶ *8*. On May 7, 2018, patient M.C. was admitted to the Morristown Medical Center emergency room. Id. ¶ *8*. Morristown Medical Center is a Level II Trauma Center that is specially equipped and organized to care for seriously injured patients. Id. ¶ *10*. On May 7, 2018, Patient M.C. was admitted to the emergency room after experiencing intractable back pain, numbness and tingling into the lower extremities and loss of bladder control for a few days prior. Id. ¶ *11*. Patient M.C. was insured by CIGNA through his Open Access Medical Benefit Plan provided through his employer, Weichert. Id. ¶ *12*.

Due to the severity of patient M.C.'s injuries, the emergency room physician referred M.C. to Plaintiff to take over the care of M.C. Plaintiff provided continuous, emergent medically necessary care but it became evident that conservative modalities were failing and a determination

2

was made to proceed with spinal staged surgery. *Id.* ¶¶ *14-15*. On May 11, 2018, Plaintiff performed the first stage of emergency, medically necessary spinal surgery on patient M.C. which consisted of L4-L5 anterior lumbar interbody fusion with instrumentation. *Id.* ¶ *16*. The treatment rendered was emergent and continuous medical care arising out of an emergency admission at an in-network facility as M.C. had no choice in selecting the medical provider. *Id.* ¶ *17*.

At all relevant times, Defendants provided patient M.C. with coverage for emergency medical care, as required by operation of law, thus permitting Plaintiff to render treatment to patient M.C. Defendants knew or should have known, that pursuant to New Jersey and federal law, statutes and regulations, Plaintiff was and is required to provide emergent care to all patients, regardless of their ability to pay, or the source of payment. N.J.S.A 26:2H-18.64. *Id.* ¶¶ *19-20*. The law requires Defendants to hold their insured harmless and thus pay Plaintiff 100% of Plaintiff's billed usual, customary and reasonable ("UCR") charges, less the patient's copay, coinsurance or deductible, if any for emergency services. *Id.* ¶ *20*. The UCR fee is defined as, or is reasonably interpreted to mean, the amount that out-of-network providers, like Plaintiff, normally charge to patients in the free market ie. without an agreement with an insurance company or other payor to reduce such a charge in exchange for obtaining access to the Defendants' members and beneficiaries. *Id.* ¶ *22*. The UCR fee means the usual charge for particular service by providers in the same geographic area with similar training and expertise (i.e. a Northern New Jersey board certified orthopedic surgeon). *Id.*

Plaintiff submitted a claim to CIGNA for the spinal surgical services provided to the CIGNA Insured in the amount of $70,000.00. *Id.* ¶ *23*. CIGNA improperly denied the claim for reimbursement in its entirety for the May 11, 2018 surgery, exposing M.C. to financial responsibility for the entire balance of $70,000.00. *Id.* ¶ *24*. Additionally, on May 14, 2018

3

Plaintiff rendered a second spinal surgery to patient M.C. Plaintiff submitted a claim to CIGNA for the second spinal surgery provided to patient M.C. in the amount of $104,500.00. *Id.* ¶ *26*. CIGNA drastically underpaid the claim for the second spinal surgery, allowing reimbursement in the amount of $721.51, a reimbursement at the rate of less than 1%. *Id.* ¶ *27*. Even though the services rendered by Plaintiff were emergency, medically necessary surgical care, and covered by M.C.'s health benefits as a matter of law, Defendants systematically failed to issue proper reimbursement for the services rendered by Plaintiff to M.C. *Id.* ¶ *28*.

After Plaintiff's claims for the services were underpaid, Plaintiff filed unsuccessful appeals of the Defendants' denial and gross underpayment. *Id.* ¶ *29*. Specifically, Plaintiff appealed the denied claim to CIGNA pursuant to M.C's insurance plan on the grounds that Plaintiff was called by the Emergency Room Physician to take over care of M.C. due to the severity of his spinal injuries, and that M.C. had no control over the selection of the medical provider based on the traumatic nature of the injury. *Id.* ¶ *30*. Moreover, Plaintiff asserted that the treatment provided to M.C. was essential to his health and well-being given the emergent nature and that the claim be reprocessed as continuous care at the Emergency Level of Benefits and paid in full. *Id.* ¶ *31*. CIGNA rejected the appeal and improperly upheld the underpayment. *Id.* ¶ *33*. More specifically, CIGNA's decision was arbitrary and capricious as they stated that the services performed by Plaintiff were at an outpatient facility as a basis for the denial when in fact the two spinal surgeries were inpatient treatments as both surgeries were performed by Plaintiff at Morristown Medical Center, a Level II trauma hospital. *Id.* ¶ *33*.

In making unsubstantiated denials and improper payments, Defendants' actions and inactions were unlawful and improper because Defendants failed to calculate the amount of the

payment in accordance with the requirements of applicable statutory, regulatory and/or state common law. *Id.* ¶ 37.

## LEGAL ARGUMENT

A.  **Relevant Law and Standard of Review**

Federal courts are courts of limited jurisdiction. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376 (2012). There are two bases for federal jurisdiction. First, federal courts have federal question jurisdiction over "civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Second, federal courts have diversity jurisdiction where the parties have diverse citizenship and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332.

When a lawsuit is removed to federal court, it may be remanded back to state court if the removal was improper, such as when the federal court lacks subject-matter jurisdiction over the lawsuit. 28 U.S.C. § 1447(c) (permitting remand for lack of subject-matter jurisdiction at any time before final judgment). The party removing the case bears the burden of demonstrating that removal was proper and that the case is properly before the federal court. *Samuel-Bassett v. Kia Motor Corp.* 357 F.3d 392, 396 (3d. Cir. 2004). Removal statutes are to be strictly construed against removal and all doubts are resolved in favor of remand. Id.; *Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross*, 2017 WL 4011203 (D.N.J. Sept. 11, 2017).

B.  **The First Type of Preemption, Ordinary Preemption, is not a Basis for Federal Subject-Matter Jurisdiction**

ERISA provides for two types of preemption. *Joyce v. RJR Nabisco Holdings Corp.*, 126 F.3d 166, 171 (3d Cir. 1997). First, § 514(a) provides for ordinary preemption, which in this case is not grounds for removal to federal court. Id. ERISA preemption under § 514(a), standing alone, does not create federal removal jurisdiction over a claim plead under state law in state court.

5

*Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 25-26 (1983). Only state claims that come within ERISA's civil enforcement provisions in § 502(a)(4) are completely preempted such that removal to federal court is appropriate. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945-46 (9th Cir. 2009). That is because this type of preemption "merely constitutes a defense to a state law cause of action," and federal defenses are not grounds for federal question jurisdiction. *Joyce*, 126 F.3d 171; *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1988) (explaining that a "case may not be removed to federal court on the basis of a federal defense, … even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.") Therefore, ordinary or conflict preemption cannot support federal subject-matter jurisdiction in this case.

    **C.**    **Complete Preemption is Inapplicable for Medical Provider Contract Claims Against an Insurer Disputing Only the Amount of Payment**

Certain Federal Laws including ERISA completely preempt certain State laws. *Metro Life Insurance Company v. Taylor*, 481 U.S. 58, 63-64 (1987). However, removal to Federal Court is only proper for claims brought that fall within Section 502(a) of ERISA. *Levin v. United Healthcare Corp.*, 402 F. 3d. 156, 162 (3d Cir. 2005). Additionally, although the well pled complaint rule would ordinarily bar the removal of an action to Federal Court where federal question jurisdiction is not presented on the face of the plaintiff's complaint, the action may be removed if it falls with the narrow class of cases to which the doctrine of complete preemption applies. *Pascack Valley Hospital Inc. v. Local 646 UCFW Welfare Reimbursement Plan*, 388 F. 3d. 393, 399 (3d Cir. 2004).

To completely preempt a state-law claim under § 502(a), **both** prongs of a two-part test must be met. Defendant must show that: "(1) the Plaintiff could have brought the claim under §

502(a); *and* (2) no other independent legal duty supports the Plaintiff's claim." Id. at 393, 400. Because the test is conjunctive, a state law cause of action is completely preempted *only if both* of its prongs are satisfied. *N.J. Carpenters & the Trustees Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 303 (3d Cir. 2014). As set forth in greater detail below, Defendants fail both parts of the Pascack test as this dispute is about the amount of the payment, not the right to payment. Accordingly, complete preemption does not apply and there is no basis for federal subject matter jurisdiction.

1. **Defendant Fails the First Prong of the Complete Preemption Test**

Under Section 502(a) of ERISA a participant or beneficiary may bring a civil action "to recover benefits due to him under the term of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. Section 1132(a)(i)(B); *Pascack* 388 F.3d at 400. No such claim is being brought here as coverage for emergency medical services is required by federal and state law, thus coverage is not at issue at all. Further, Defendant has not denied that coverage exists, rather Defendant has disputed the amount of reimbursement that the Plaintiff seeks. Additionally, all of Plaintiff's claims and causes of action arise from Defendants' independent duties under the New Jersey prompt pay laws, New Jersey insurance law mandates governing the reimbursement of out-of-network providers rendering emergency services and well-settled state law.

Standing alone does not convert a state-law cause of action into a federal claim. *Marin Gen. Hosp 581 F.3d at 949; North Jersey Brain & Spine Ctr. v. Aetna Life Ins. Co.*, No. 16-1544, 2017 WL 659012 (D.N.J. Mar. 20, 2017). Moreover, even where a plaintiff has received a valid assignment and could have filed under ERISA, the mere existence of an assignment does not

7

convert [the plaintiff's] state law' claims into an ERISA claim for benefits." *Atlantic Shore Surgical Associates v. Local 464*, No. 17-12166, 2018 WL 3611074, at *3 (D.N.J. Jul. 27, 2018).

Further, the Third Circuit has made it clear that a provider has a right to pursue state law claims over the amount or level of payment. In *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393 (3d Cir. 2004), the Third Circuit Court of Appeals ruled that a provider has an independent legal right to pursue claims against an insurance company for failure to pay billed charges. Similarly, every court addressing this issue has reached a similar conclusion. *Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross*, 2017 WL 4011203 (D.N.J. Sept. 11, 2017); *Progressive Spine & Orthopaedics, LLC v. Empire Blue Cross Blue Shield*, No. 16-1649 (D.N.J. Sept 11, 2017).

Based on the foregoing, Plaintiff did not bring a claim under ERISA as its claims are predicated on the implied contract in fact, which was created based on the emergency medical services it provided to the patient at issue and its course of dealing with Defendants. Additionally, as detailed at length, Plaintiff does not dispute the right to payment but instead challenges the amount and level of payment CIGNA issued for the medical services Plaintiff provided. These claims do not rely on, and are wholly independent of any ERISA plan.

### 2. Defendant Fails the Second Prong of the Complete Preemption Test

The court in *Pascack Valley* found that a medical provider's claims were not preempted by ERISA where: (1) the medical provider's claims arose from a contract independent of the ERISA plan; (2) the patients were not parties to the contract between the provider and insurer; and (3) the dispute was limited to the amount of the payment, not the right to be paid. In the instant case, a distinct legal duty exists as Plaintiff provided continuous, emergent, medically necessary care to M.C. which Defendants are required to pay pursuant to well-settled state and federal law.

8

In *Pascack Valley*, a medical provider asserted state law claims against an ERISA plan, seeking additional payments for medical services rendered. In determining whether the claims arose from an independent obligation and were thus not preempted by ERISA, the Court relied heavily on *Blue Cross of California v. Anesthesia Care Associated Med. Grp. Inc.*, 187 F.3d 1045 (9th Cir. 1999), which ruled that regardless of an assignment from a patient, a provider's independent contract claims were not preempted by ERISA. Id. at 402-404. Although the Court in *Pascack Valley* did not address the assignment issue, it reached the same result finding that the medical provider's claims arose from state-law claims for payment independent of the ERISA plan, the parties were not parties to that contract, and the dispute was limited to the amount of the payment, not the right to be paid. Id.

Further, in discussing the independent legal duty supporting the state-law claims, the *Pascack Valley* Court specifically rejected a but-for test, meaning it rejected the argument that the provider's contract claim would not have existed but-for the ERISA plan and ultimately ruling that the contract claim was not preempted. The Court acknowledged that the plaintiff medical provider's claims were derived from an ERISA plan, and existed only because of that plan but still found no preemption because the resolution of the lawsuit required interpretation of the payment contract rather than the ERISA plan. Id. at 402. The medical provider's right to recovery, if it exists depends entirely on the operation of third-party contracts that are independent of the plan itself. Id.

Plaintiff's claims in this case are based on independent obligations as articulated under *Pascack Valley*. First, Plaintiff's state-law contract claims arose independent of an ERISA plan. Second, Plaintiff has additional state law causes of action, each of which are wholly independent of ERISA for promissory estoppel, quantum meruit and state law statutory claims each contesting

9

the amount of payment, rather than the right to payment. Further, these causes of action are not dependent on an ERISA plan or any of its language. In sum, Plaintiff has suffered significant damages as a result of Defendants' actions. Its claims are based on implied agreements that they would be paid and its reliance upon well-settled state law ensuring patient's access to emergency care and payment of appropriate emergency medical benefits which is independent of ERISA. Therefore, under *Pascack Valley*, Plaintiff's claims are not preempted and remand is both appropriate and necessary as there is no basis for federal jurisdiction.

## **CONCLUSION**

Based on the aforementioned reasons, Plaintiff respectfully requests that the Court immediately remand the Plaintiff's case back to the New Jersey Superior Court, Morris County as this Court lacks subject-matter jurisdiction.

Dated: October 26, 2020                                          Brach Eichler LLC

By: _____
Keith J. Roberts, Esq.
*Attorneys for Plaintiff, Atlantic Orthopaedic Associates*