UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLANTIC ORTHOPAEDIC ASSOCIATES,<br><br>      Plaintiff,<br><br>v.<br><br>CIGNA, CIGNA CORPORATION, CIGNA HEALTHCARE, CIGNA HEALTH CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY, CONNECTICUT GENERAL LIFE INSURANCE COMPANY, NON-NEW JERSEY CIGNA PLANS 1-10, WEICHERT REALTORS and JOHN DOES 1-10,<br><br>      Defendant. | Civil Action No.: 2:20-cv-12340 (MCA)(MAH)<br><br>**JOINT DISCOVERY PLAN**<br><br>Status Conference Date:<br><br>July 29, 2021 at 3:30 p.m. |

  Pursuant to the July 23, 2021 Text Order entered by United States Magistrate Judge Michael A Hammer setting a telephonic initial scheduling conference [ECF No. 28], and in accordance with Rule 26 of the Federal Rules of Civil Procedure, and Rule 26.1(b) of the Local Rules for the United States District Court for the District of New Jersey, the undersigned counsel for the parties hereby submit the following proposed Joint Discovery Plan:

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

  **Plaintiff's Position**

  **Plaintiff brings this action to redress Defendants' repeated failure to process and make payment upon legitimate and proper claims for emergency medical services rendered to M.C., a participant in a health plan insured by Cigna and administered by M.C.'s employer, Weichert Realtors. As a matter of law, Cigna insureds are entitled to be covered for out-of-network emergency care at any hospital emergency room with their only responsibility being to pay the plan's copayments, coinsurance and deductibles at an in-network level when emergency services are rendered. Plaintiff is required by law to treat Cigna insureds for out-of-network emergency health coverage, and Plaintiff rendered emergent, medically necessary surgical and**

**medical services to the M.C. In doing so, Plaintiff reasonably expected Cigna to properly compensate Plaintiff.**

**Cigna, however, has underpaid Plaintiff for these emergency medical services provided to M.C. Plaintiff has incurred more than $170,000.00 in unpaid services because of Cigna's baseless refusal to pay for the necessary, emergency surgical and medical services.**

**Plaintiff's claims and causes of action arise under one or more "independent duties" unfettered by any ERISA preemption.**

<u>Defendants' Position</u>

**Plaintiff's five-count Complaint alleges that Defendants failed to properly process and pay claims related to emergency medical services rendered to a beneficiary of an employee health benefit plan. Defendants' position is that Plaintiff's state law causes of action are preempted by Title 29, United States Code, Section 1001, et seq. (more generally, "ERISA"), and, regardless, that the claims at issue in this case were processed and paid correctly.**

2. Have settlement discussions taken place? Yes _____ No ____X_____

    If so, when?
    _____

    (a) What was plaintiff's last demand?

        (1)   Monetary demand: $ _____N/A_____

        (2)   Non-monetary demand: _____N/A_____

    (b) (b) What was defendant's last offer?

        (1)   Monetary offer: $ ____N/A_____

        (2)   Non-monetary offer: ____N/A_____

3. The parties have not exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

<u>Plaintiff's Position</u>

**The parties have not yet exchanged the information required by Fed. R. Civ. P. 26(a)(1), but will do so by the deadline set forth below.**

<u>Defendants' Position</u>

**This matter is exempt from the initial disclosure requirements of FRCP 26(a)(1) because it is an action on an administrative record. Defendants plan to produce the**

**administrative record within thirty (30) days of the Rule 16 conference.**

4. Describe any discovery conducted other than the above disclosures.

   **Plaintiff's Position**

   **Discovery has yet to be exchanged in this matter. Discovery may begin with the administrative record relied upon by Cigna. From there, the Plaintiff may be entitled to additional discovery, including but not limited to discovery on plan administration related to bias and conflict issues. See Dandridge v. Raytheon Co., 2010 WL 376598, at \*1 (D.N.J. Jan. 26, 2010).**

   **Defendants' Position**

   **N/A.**

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

   **Plaintiff's Position**

   **Plaintiff does not expect to file any dispositive motions, but reserves the right to do so as discovery and investigation continue. Additionally, Plaintiff may cross move to amend the Complaint in case of any dispositive motion filed by Defendant.**

   **Defendants' Position**

   **Defendants may seek leave to file a dispositive motion prior to the close of discovery.**

6. The parties proposed the following:

   (a) Discovery is needed on the following subjects:

   **Plaintiff's Position**

   **Discovery may begin with the administrative record relied upon by Cigna. From there, the Plaintiff may be entitled to additional discovery, including but not limited to discovery on plan administration related to bias and conflict issues. See Dandridge v. Raytheon Co., 2010 WL 376598, at \*1 (D.N.J. Jan. 26, 2010). Cigna takes the position that discovery should be limited to the administrative record, but, at this point, Plaintiff is unable to agree that discovery should be so-limited. Additionally, as Plaintiff's claims are not ERISA claims, but instead claims and causes of action that arise under one or more "independent duties" unfettered by any ERISA preemption, Plaintiff is entitled to discovery on its claims and any defenses thereto.**

   **Defendant's Position**

> **This action is governed by ERISA, and thus the only discovery permitted is the administrative record—specifically, the claim file before the claims administrator when the benefit determination was made, as well as those documents setting forth the administrator's determination(s). Defendants intend to produce the administrative record within thirty (30) days of the Rule 16 conference. Defendants reserve and do not waive specific further objections to the items of discovery Plaintiff contends it needs in its statement of its position.**

(b) Should discovery be conducted in phases? If so, explain.  **No.**

(c) Fed. R. Civ. P. Rule 26 Disclosures

> **Plaintiff's Position**
>
> **The parties shall exchange disclosures pursuant to Rule 26 within thirty (30) days of the Rule 16 conference.**
>
> **Defendants' Position**
>
> **N/A – discovery limited to the administrative record.**

(d) Number of Interrogatories by each party to each other party:

> **Plaintiff's Position**
>
> **Discovery may begin with the administrative record relied upon by Defendants, but Plaintiff reserves its rights to serve a maximum of 25 interrogatories.**
>
> **Defendants' Position**
>
> **N/A – discovery limited to the administrative record.**

(e) Number of Depositions to be taken by each party:

> **Plaintiff's Position**
>
> **Discovery may begin with the administrative record relied upon by Defendants, but Plaintiff reserves its rights to take a maximum of 5 depositions.**
>
> **Defendants' Position**
>
> **N/A –discovery limited to the administrative record.**

(f) Plaintiff's expert report.

> **Plaintiff's Position**

>**Without additional discovery, including but not limited to the administrative record, Plaintiff cannot determine if expert discovery will be necessary at this time. Respectfully, Plaintiff suggests that the parties and the Court revisit this topic upon the close of fact discovery.**
>
>**Defendants' Position**
>
>**It is possible, though by no means certain, that expert testimony will be required to determine whether Defendants abused their discretion with respect to medical issues, but that is impossible to determine until the details of each claim are explored. In the event expert testimony and related discovery is required or Plaintiff moves for additional fact discovery, we suggest that the Court can address the need to schedule such discovery, if any, at that time.**

(g) Defendant's expert report. *See supra*, ¶ 6(f).

(h) Motions to Amend or to Add Parties to be filed by:

>**Plaintiff's Position**
>
>**October 13, 2021 or in response to a dispositive motion, as necessary**.
>
>**Defendants' Position**
>
>**Within thirty days of production of the administrative record.**

(i) Dispositive motions to be served within **60 days** of completion of discovery.

(j) Factual discovery to be completed by:

>**Plaintiff's Position**
>
>**December 15, 2021**
>
>**Defendants' Position**
>
>**N/A—Factual discovery will be complete upon production of the administrative record.**

(k) Expert discovery. *See supra*, ¶ 6(f)

(l) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

>**In light of the Personal Health Information ("PHI") that may be exchanged during discovery, the parties intend to submit a Consent Discovery Confidentiality Order ("DCO") when, and if, needed.**

    (m) A pretrial conference may take place on a date to be determined by the Court.

    (n) Trial by jury or non-jury Trial?

**Plaintiff's Position**

**Plaintiff has made a demand for a jury trial in its pleading. Plaintiff's claims and causes of action arise under one or more "independent duties" unfettered by any ERISA preemption, so any limitation on a jury trial created by ERISA is inapplicable here.**

**Defendants' Position**

**Defendants contend that a trial by jury is not available to Plaintiff in this ERISA enforcement action.** *See Cox v. Keystone Carbon Co.*, **894 F.2d 647 (3d Cir. 1990).**

    (o) Trial date: **60 days following pretrial conference, or on a date to be determined by the Court.**

7. Do you anticipate any discovery problem(s)? Yes _____ No ____X_____

    If so, explain.

8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes _____ No __X_____

    If so, explain.

9. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

    **Plaintiff's Position**

    **Mediation may be productive following fact discovery.**

    **Defendant's Position**

    **Mediation may be appropriate, but it is too early to tell at this juncture.**

10. Is this case appropriate for bifurcation? Yes _____ No ___X_____

11. We **do not** consent to the trial being conducted by a Magistrate Judge.

| | |
|---|---|
| **Brach Eichler, LLC** | **Gibbons P.C.** |
| 101 Eisenhower Parkway | One Gateway Center |
| Roseland, New Jersey 07068-1067 | Newark, NJ 07102 |
| (973) 228-5700 | 973-596-4500 |
| | |
| <u>*/s/ Paul M. Bishop*</u> | <u>*/s/ E. Evans Wohlforth*</u> |
| Keith J. Roberts, Esq. | E. Evans Wohlforth, Jr., Esq. |
| Shannon Carroll, Esq. | Zachary W. Antilety, Esq. |
| Paul M. Bishop, Esq. | *Attorneys for Defendant Cigna Health* |
| *Attorneys for Atlantic Orthopaedic Associates* | *and Life Insurance Company* |
| | |
| Dated: July 28, 2021 | Dated: July 28, 2021 |